## Wireman v. Wireman.

(Decided December 18, 1931.)

A. F. BYRD and CALLOWAY HOWARD for appellant.

W. R. PRATER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Alleging that he was the owner of a certain tract of land, and that J. S. Wireman had trespassed on a small portion thereof, J. B. Wireman brought this suit against J. S. Wireman to enjoin him from further trespassing. A default judgment was rendered in favor of J. B. Wireman, but the judgment was afterward set aside. Thereupon J. S. Wireman filed an answer denying plaintiff's ownership of the land in dispute, and pleading that he was the owner thereof. On final hearing it was adjudged that J. S. Wireman was the owner of the land in dispute, and the petition was dismissed. J. B. Wireman appeals.

Appellant traces his title through Jacob Wireman back to John Allen, while appellee traces his title through Mousie Stacy and Adam Allen, Sr., back to John Allen. Appellee also claims title by adverse possession. There was a mulberry tree called for in the dividing line between the two farms, and the location of this tree is in dispute. If located as claimed by appellant, the strip of land is covered by his deed. Appellant introduced evidence to the effect that the mulberry tree was cut about eight years ago, and had been deadened before it was cut. It was marked with three hacks, and the hacks looked like they had been made with a small ax. In addition to this, cross-sections of that tree, and of the tree claimed by appellee, have been filed as exhibits, and it is insisted that the annulations show that the small tree was not in existence at the time the deed from Jacob Wireman was made to J. B. Wireman calling for the tree. In view of our conclusion, we find it unnecessary to determine the proper location of the mulberry tree. Even if it be conceded that it was located as claimed by appellant, the evidence of adverse possession by appellee and those through whom he claims cannot be overlooked. It was shown by appellee that for more than 10 years he had regularly used and cultivated the strip of land in dispute. Numerous other witnesses, who had known the land from 25 to 40 years, testified that appellee's predecessors in title had also used and cultivated the land in dispute down to the cross-fence. But appellant insists that the possession of appellee and his predecessors in title was not accompanied by a claim to the land, and in support of this position attention is called to the evidence of his witnesses that neither Mousie Stacy nor Adam Allen, Jr., nor Adam Allen, Sr., ever claimed the land. We find, however, that at least three of the numerous witnesses who testified for appellee say that Mousie Stacy and Adam Allen, Jr., and Adam Allen, Sr., not only used and cultivated the land which was then inclosed by a fence, but that they actually claimed the land. On the whole, we conclude that the evidence of adverse possession was sufficient to support the finding of the chancellor, who was on the ground, and in a better position than we are to determine the credibility of the witnesses.

Judgment affirmed.